# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOHN J. COMER,**

    **Plaintiff,**

                              **Civil Action 2:18-cv-176**
                              **Judge Algenon L. Marbley**
**v.**                            **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, John J. Comer ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 14), the Commissioner's Response in Opposition (ECF No. 19), and the administrative record (ECF No. 9). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

## I. BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on October 15, 2014, alleging an onset date of July 18, 2013. Plaintiff's insured status or date last insured ("DLI") was June 30, 2016. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff sought a hearing before an administrative law judge. Administrative Law Judge Thomas Wang

("ALJ") held a hearing on February 22, 2017, at which Plaintiff, represented by counsel, appeared and testified. Vocational expert Lynne Kaufman (the "VE") also appeared and testified at the hearing.

On May 17, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 66-81.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 18, 2013, the alleged onset date. The ALJ explained that although Plaintiff worked for short period of time after his alleged onset date, he either quit or was terminated. (R. at 70.) The ALJ found that consistent with the prior July 2013 decision rendered by Administrative Law Judge Margaret L. Pecoraro, Plaintiff has the severe impairments of lumbar and cervical disc

---

1. Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

   1. Is the claimant engaged in substantial gainful activity?

   2. Does the claimant suffer from one or more severe impairments?

   3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

   4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

   5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

disease and obesity. He further found that new and material evidence demonstrates that Plaintiff no longer has the severe impairment of carpal tunnel syndrome, but that such evidence does support the following additional severe impairments: bilateral lateral epicondylitis, degenerative disc disease of the thoracic spine, and sacroiliitis. (*Id.*)

The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant could occasionally operate foot controls. He could occasionally push or pull. He could never climb ladders, ropes, or scaffolds. He could occasionally climb ramps or stairs. He could occasionally balance, stoop, and crawl. He could frequently handle.

(R. at 74.)

Relying on the VE's testimony, the ALJ found that even though Plaintiff is unable to perform his past work, he can perform jobs that exist in significant numbers in the national economy. (R. at 79.) He therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 80.)

On December 29, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action.

## II. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to

3

proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III. ANALYSIS

In his Statement of Errors (ECF No. 14), Plaintiff advances three contentions of error. First, Plaintiff contends that the ALJ erred in concluding that Plaintiff's impairments of depression and anxiety do not cause more than a minimal limitation in his ability to perform basic mental work activities such that they do not constitute severe impairments. Second, Plaintiff contends that the ALJ failed to properly evaluate his allegations relating to his back pain. Finally, Plaintiff maintains that the Appeals Council erred in refusing to consider evidence received subsequent to the hearing that he says supports his allegations of disabling pain. The undersigned addresses each of these contentions of error in turn.

### A. The ALJ's Step-Two Determination

The entirety of Plaintiff's contention of error relating to the ALJ's step-two determination that Plaintiff did not have severe mental impairments that caused more than a minimal limitation in his ability to provide basic mental work activities provides as follows:

> In finding that [Plaintiff's] anxiety and depression, for which he has been treated for several years are not severe impairments, the ALJ did not include in his [RFC] findings any indications relating to his mental impairments. Therefore, if his claim is remanded, the ALJ should be instructed to consider limitations resulting from his anxiety and depression.

(Pl.'s Statement of Errors 15, ECF No. 14.)

At step two of the sequential evaluation process, Plaintiff bears the burden of proving the existence of a severe, medically determinable impairment that meets the twelve-month durational requirement. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 803-04 (6th Cir. 2012). The United States Court of Appeals for the Sixth Circuit has construed a claimant's burden at step two as "a *de*

*minimis* hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). The inquiry is therefore "employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint." *Id*. at 863 (quoting *Farris v. Sec'y of Health & Hum. Servs.*, 773 F.2d 85, 90 n.1 (6th Cir. 1985). A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "A severe mental impairment is 'established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a plaintiff's] statement of symptoms.'" *Griffith v. Comm'r*, 582 F. App'x 555, 559 (6th Cir. 2014) (quoting 20 C.F.R. § 416.908). A claimant bears the burden of establishing the existence of a severe medically determinable impairment at step two. *Id.*

In contrast to Plaintiff's apparent contention, the ALJ did offer an explanation for his conclusion that Plaintiff's depression and anxiety "considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities are therefore nonsevere." (R. at 71.) In particular, the ALJ offered a detailed discussion regarding the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders, namely, (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persisting, or maintaining pace; and (4) adapting or managing oneself, and concluded that Plaintiff had only mild limitation in each of these areas. (*Id.*) In addition, the ALJ acknowledged that Plaintiff had obtained treatment, but that his medical sources consistently noted that he was doing reasonably

6

well, that he had reported stability in symptoms with medication, and that his mental status examinations were largely within normal limits with only mild abnormalities. (R. at 71-72.) The ALJ credited the opinions of state-agency psychological consultants and concluded that record evidence generated after their opinions were rendered and after the prior July 2013 decision was not material in that it did not warrant inclusion of mental limitations. The ALJ offered the following explanation:

> The prior ALJ decision found that [Plaintiff's] mental impairments were non-severe, with no more than mild limitations. New evidence is not material, as it does not warrant deviating from this finding. [Plaintiff's] mental conditions have remained stable since the prior ALJ decision, as analyzed here. This finding is also consistent with the State agency psychological consultants' mental assessments, which adopted the prior ALJ decision in this regard. The undersigned gives great weight to the State agency psychological consultants' mental assessments, as these are consistent with and well supported by the evidence. Evidence after the consultants rendered their assessments does not support greater limitation.

(R. at 72 (internal citations to the record omitted).)

The undersigned concludes that the ALJ sufficiently articulated his bases for declining to find Plaintiff's anxiety and depression to be severe impairments and for concluding that these impairments did not cause more than a minimal limitation in his ability to provide basic mental work activities. Moreover, Plaintiff fails to identify what particular evidence he relies upon to conclude that his anxiety and depression require greater limitation or to identify what particular nonexertional limitation should have been included. *Griffith*, 582 F. App'x at 559 (claimant bears the burden of establishing the existence of a severe medically determinable impairment at step two); *Cf. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006) ("This challenge warrants little discussion, as Hollon has made little effort to develop this argument in her brief on appeal, or to identify any specific aspects of the Commissioner's determination that

7

lack support in the record.").

In summary, the undersigned concludes that the ALJ did not err in his step-two determination or in his consideration of Plaintiff's alleged mental impairments. Accordingly, it is **RECOMMENDED** that Plaintiff's first contention of error be **OVERRULED**.

**B.     The ALJ's Credibility Determination**

Within this contention of error, Plaintiff asserts that the ALJ erroneously relied upon Plaintiff's activities of daily living to discount his alleged limitations. Plaintiff further posits that the ALJ did not review the remainder of the record in sufficient depth so as to justify his conclusion that Plaintiff's hearing testimony concerning his limitations was not credible. The undersigned disagrees.

For decisions rendered on or after March 28, 2016, the ALJ will evaluate a claimant's statements concerning the intensity, persistence, and limiting effects of symptoms of an alleged disability under SSR 16-3p. SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). SSR 16-3p superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996), which required the ALJ to evaluate the overall credibility of a plaintiff's statements. In contrast, SSR 16-3p requires the ALJ to evaluate the *consistency* of a plaintiff's statements, without reaching the question of overall *credibility*, or character for truthfulness. *See id.* at *11 ("In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person."). Although SSR 16-3p supersedes SSR 96-7p, "according to the very language of SSR 16-3p, its purpose is to 'clarify' the rules concerning subjective symptom evaluation and not to

8

substantially *change* them." *Brothers v. Berryhill*, No. 5:16-cv-01942, 2017 WL 2912535, at *10 (N.D. Ohio June 22, 2017). The rules were clarified primarily to account for the difference between a credibility determination, which necessarily impacts the entirety of a claimant's subjective testimony, and a consistency determination, which applies only to specific statements regarding symptoms. *See* SSR 16-3p at *2. It follows, therefore, that the procedures for reviewing an ALJ's credibility assessment under SSR 16-3p are substantially the same as the procedures under SSR 96-7p. Accordingly, the undersigned concludes that existing case law controls to the extent it is consistent with the clarification of the rules embodied in SSR 16-3p's clarification.

The Sixth Circuit has provided the following guidance in considering an ALJ's credibility assessment:

> Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain. 20 C.F.R. § 416.929(a); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001); *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 416.929(a). Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.*

*Rogers*, 486 F.3d at 247.

The ALJ's credibility determination "with respect to [a claimant's] subjective complaints of pain" is generally given deference. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009) (quoting *Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)). Despite this deference, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters*, 127 F.3d at 531. Furthermore, the ALJ's decision on

9

credibility must be "based on a consideration of the entire record." *Rogers*, 486 F.3d at 247 (internal quotation omitted). An ALJ's explanation of his or her credibility decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248; *see also Mason v. Comm'r of Soc. Sec. Admin.*, No. 1:06–CV–1566, 2012 WL 669930, at *10 (N.D. Ohio Feb. 29, 2012) ("While the ALJ's credibility findings 'must be sufficiently specific', *Rogers*, 486 F.3d at 248, the intent behind this standard is to ensure meaningful appellate review."). In addition, the Regulations list a variety of factors an ALJ must consider in evaluating the severity of symptoms, including a claimant's daily activities; the effectiveness of medication; and treatment other than medication. 20 C.F.R. § 404.1529(c)(3); SSR 16–3p; *but see Ewing v. Astrue*, No. 1:10–cv–1792, 2011 WL 3843692, at *9 (N.D. Ohio Aug. 12, 2011), *adopted*, 2011 WL 3843703 (suggesting that although an ALJ is required to consider such factors, he or she is not required to discuss every factor within the written decision).

In this case, the undersigned concludes that the ALJ's detailed discussion supplies substantial evidence supporting his credibility finding and that he properly considered the requisite factors in evaluating Plaintiff's subjective statements. The ALJ specifically considered Plaintiff's allegations of chronic pain; his allegations that he did not improve with treatment; his testimony that he had difficulty with gripping, grasping, and fine manipulation; his testimony that he could only sit for 10-15 minutes before he needed to stand; and his allegation that he could not stand in one position for long periods and that he had difficulty walking. The ALJ ultimately concluded that although Plaintiff was limited to a significantly reduced range of sedentary activity, he was not as limited as he alleged.

Contrary to Plaintiff's assertions, the ALJ included a lengthy and thorough discussion of the record evidence, which included a review of the objective medical and examination findings. *See* 20 C.F.R. § 404.1529(c)(2) (objective medical findings are useful in assessing the intensity and persistence of a claimant's symptoms). For example, the ALJ discussed the testing and examination results relating to Plaintiff's July 2013 emergency room visit, in which he sought treatment for back pain. (R. at 75.) The ALJ noted that the examination results for assessment of range of motion, reflexes, and sensory deficits were normal or only mild and that the x-ray results had not significantly progressed from the prior exam. The ALJ also pointed out that a January 2014 visit with his primary care physician again reflected largely normal results. The ALJ details Plaintiff's record of treatment, which again reflects numerous instances in which he appeared in no acute distress and in which examination and testing results are not consistent with the extreme, disabling pain Plaintiff alleges. (R. at 75-78.)

The ALJ also reasonably considered the record evidence reflecting Plaintiff's activities of daily living. *See* 20 C.F.R. § 404.1529(c)(3)(i) (daily activities may be useful to assess nature and severity of claimant's symptoms); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) ("The administrative law judge justifiably considered [the claimant's] ability to conduct daily life activities in the face of his claim of disabling pain."). In particular, the ALJ referenced Exhibit B9E, a questionnaire Plaintiff completed in which he represented that he was able to cook, wash dishes, mop and vacuum the floor, shop for groceries, perform other household chores, drive a car, and use public transportation. (R. at 75 (citing R. at 353-55).) In this same questionnaire, Plaintiff also indicated that he was terminated from his position with WalMart in June 2016 for "low productivity." (R. at 354.) The ALJ considered that Plaintiff

had told sources that he was working 10-hour days three days per week at WalMart before being terminated. (R. at 77.) Plaintiff consistently testified that he worked 3 months at WalMart and also 3.5 months at Scioto Downs. The ALJ properly characterized this work activity as "unsuccessful work attempts," (R. at 70), but also reasonably relied upon these periods of employment to discount Plaintiff's allegations of extreme, disabling pain and limitations.

The ALJ also properly considered the nature and effectiveness of Plaintiff's treatment. *See* 20 C.F.R. § 404.1529(c)(3)(v). *See* SSR 96–7p, 1996 WL 374186 (July 2, 1996) (in assessing credibility, the adjudicator must consider, among other factors, "[t]he type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" and "[t]reatment, other than medication, the individual receives or has received"); 20 C.F.R. § 404.1529(c)(3) (same). The ALJ stated, "Although [Plaintiff] has received various forms of treatment for the allegedly disabling symptoms, which would normally weigh somewhat in [Plaintiff's] favor, the record also reveals that the treatment has been generally successful in controlling those symptoms." (R. at 74-75.) The ALJ explained that Plaintiff's treatment records reflected that he experienced notable improvement in his back and radicular symptoms with treatment, including his medication regimen, radiofrequency ablation, and joint injections. (R. at 75-78.)

Finally, the ALJ relied upon the opinion of examiner Dr. Swedberg and also his own observation that that Plaintiff "appeared quite comfortable in the sitting position" in evaluating Plaintiff's allegations in formulating the RFC. (R. at 75-77.)

In summary, the undersigned finds that the ALJ properly evaluated the consistency of Plaintiff's statements regarding his symptoms and limitations and that substantial evidence

supports his credibility assessment. Although substantial evidence may also support an alternative finding, the ALJ's findings were within the ALJ's permissible "zone of choice." *See Blakley*, 581 F.3d at 406. Accordingly, it is **RECOMMENDED** that Plaintiff's second contention of error be **OVERRULED**.

C.     **Submissions to the Appeals Council**

Plaintiff's challenges to the Appeals Council's refusal to consider records he submitted after the ALJ issued his decision are raised within his contention of error challenging the ALJ's credibility assessment. Plaintiff does not develop this argument beyond stating, "Remand is also appropriate for consideration of the evidence as described in the medical evidence portion of this brief . . . which the Appeals Council refused to consider." (Pl.'s Statement of Errors 14, ECF No. 14.)

The Court finds that Plaintiff has failed to sufficiently develop this argument. *McPherson v. Kelsey*, 125 F.3d 989, 996-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (internal quotation marks and citations omitted)); *Hollon*, 447 F.3d at 490-91.

Regardless, the undersigned concludes that Plaintiff has not satisfied his burden to demonstrate that a sentence six remand is warranted. Sentence six of 42 U.S.C. § 405(g) provides in relevant part as follows:

> The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there

> is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42. U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citations omitted). The requirements that the evidence be "new" and "material," and that "good cause" be shown for the failure to present the evidence to the ALJ have been defined by the United States Court of Appeals for the Sixth Circuit as follows:

> "For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' . . . Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.' . . . A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ . . . . [T]he burden of showing that a remand is appropriate is on the claimant."

*Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

Plaintiff has failed to demonstrate good cause for his failure to submit the evidence before the ALJ issued his decision. As the Commissioner points out, Plaintiff was obtaining treatment at the Adena Bone and Joint Center and Adena Regional Medical Center Emergency Department prior to when the ALJ issued his decision. Plaintiff fails to explain why neither he nor his attorney submitted the records sooner or made a request that the ALJ hold the record open.

In addition, Plaintiff has failed to offer any explanation for why the at-issue records, all of which were generated after his June 2016 DLI, are material. In the absence of any such

14

discussion, the undersigned cannot conclude that Plaintiff has satisfied his burden to show that remand under sentence six is warranted.

It is therefore **RECOMMENDED** that Plaintiff's contention of error relating to the evidence he submitted to the Appeals Council be **OVERRULED**.

## IV.     DISPOSITION

From a review of the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## V.     PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE