**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN J. COMER,** | : | |
| | : | **Case No. 2:18-cv-176** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Vascura** |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This matter comes before the Court on the Magistrate Judge's December 14, 2018,

**Report and Recommendation** (ECF No. 20), which recommended that Plaintiff's Statement of

Errors (ECF No. 14) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on an

independent consideration of the analysis therein.

## I.    BACKGROUND

Plaintiff, John J. Comer, filed applications for disability insurance benefits ("DIB") and

supplemental security income ("SSI") on October 15, 2014, alleging an onset date of his

disability as July 18, 2013. (R. at 66). Plaintiff's claims were denied on March 15, 2015, and

subsequently denied upon reconsideration on May 22, 2015. (R. at 66). On June 15, 2015,

Plaintiff submitted a request for a hearing. (R. at 66). Plaintiff, represented by counsel, appeared

and testified before an administrative law judge ("ALJ") at his hearing on February 22, 2017. (R.

at 66). Additionally, a vocational expert ("VE") appeared and testified at the hearing. (R. at 66).

The ALJ found that, from the date of July 18, 2013 to the date of the ALJ's decision

issued on May 17, 2017, Plaintiff was not "disabled" under the term's meaning in the Social

Security Act. (R. at 67). In his decision denying Plaintiff benefits, the ALJ followed the required

five-step sequential analysis for disability-benefits claims. (R. at 67-69). *See* C.F.R. §

416.920(a).[1] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful

activity since July 18, 2013. (R. at 70). The ALJ noted that Plaintiff worked for brief periods of

time, but was either terminated or quit. (R. at 70). At the second step, the ALJ found, as had a

prior ALJ, that Plaintiff was severely impaired by lumbar and cervical disc disease and obesity.

(R. at 70). The ALJ also found that Plaintiff was no longer severely impaired by carpal tunnel

syndrome based on new and material evidence. (R. at 70). Finally, the ALJ found that Plaintiff

had additional severe impairments including "bilateral lateral epicondylitis, degenerative disc

disease of the thoracic spine, and sacroiliitis." (R. at 70). At the third step, the ALJ found that

Plaintiff did not have an impairment or combination of impairments that met or exceeded a listed

---

[1] Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 73). At the fourth step, the ALJ

found that Plaintiff had the residual functional capacity to perform certain sedentary work as

defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (R. at 74-79). At the fifth and final step, the

ALJ found that there was "other work that exists in significant numbers in the national economy"

that Plaintiff was capable of performing with "successful adjustment." (R. at 79-80). As such, the

ALJ determined that Plaintiff was not "disabled" under the term's meaning in the Social Security

Act. (R. at 79).

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on

December 29, 2017, thus holding the ALJ's decision as the Commissioner's final agency action.

(R. at 1). Plaintiff then timely filed suit in federal court, alleging in his Statement of Errors that

the ALJ erred in his step-three analysis, that the ALJ failed to properly evaluate Plaintiff's

assertions regarding his back pain, and that the Appeals Council erred in denying his request for

review. (ECF No. 14).

On December 14, 2018, the Magistrate Judge issued a Report and Recommendation

recommending that this Court overrule Plaintiff's Statement of Errors and affirm the decision of

the Commissioner of Social Security. (ECF No. 20). Plaintiff subsequently objected to the

Magistrate Judge's Report and Recommendation with regard to the Magistrate Judge's finding

that the ALJ did not err in his step-two analysis or his credibility determination. (ECF No. 21).

## II.    STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must

"make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).

This de novo review, in turn, requires the Court to "determine whether the record as a whole

contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

## III.    LAW AND ANALYSIS

### A.  Step-Two Determination

Plaintiff objects to the Magistrate Judge's finding that the ALJ sufficiently articulated his reasons for determining that Plaintiff's depression and anxiety did not constitute severe impairments under step two. (ECF No. 21). Step two of the five-step sequential evaluation of evidence for disability claims requires an ALJ to determine whether the claimant suffers from one or more severe impairments. *See* 20 C.F.R. § 416.920(a)(4). A severe impairment is defined as "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities" and "which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1520(c), 416.920(c); 42 U.S.C. § 423(d)(1)(A). A claimant can establish a severe mental impairment through "medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." *Griffith v. Comm'r of Soc. Sec.*, 582 Fed. App'x 555, 559 (6th Cir. 2014). Moreover, a claimant bears the burden of establishing a severe impairment by medical evidence. *Id.*

After determining whether a claimant has shown a severe impairment, "an ALJ must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" *Reynolds v. Comm'r Soc. Sec.*, No. 09-2060, 2011 WL 1228165, at *2 (6th Cir. Apr. 1, 2011) (quoting 5 U.S.C. § 557(c)(3)(A)). This explanation is "necessary in order to facilitate effective and meaningful judicial review." *Id.*

Here, Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ sufficiently articulated his bases for declining to find that Plaintiff suffered from severe mental impairments of depression and anxiety. (ECF No. 21 at 2). The ALJ found that Plaintiff's "mental impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." (R. at 71). In denying Plaintiff's claim that his anxiety and depression constitute a severe impairment, the ALJ provided the following explanation:

> The prior ALJ decision found that [Plaintiff's] mental impairments were non-severe, with no more than mild limitations. New evidence is not material, as it does not warrant deviating from this finding. [Plaintiff's] mental conditions have remained stable since the prior ALJ decision, as analyzed here. This finding is also consistent with the State agency psychological consultants' mental assessments, which adopted the prior ALJ decision in this regard. The undersigned gives great weight to the State agency psychological consultants' mental assessments, as these are consistent and well supported by the evidence. Evidence after the consultants rendered their assessments does not support greater limitation.

(R. at 72) (internal citations to the record omitted).

To reach this conclusion, the ALJ considered the four broad areas of mental functioning as set forth in the regulations for evaluating mental impairments: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persisting, or maintaining pace; and (4) adapting or managing oneself. (R. at 71). According to the ALJ,

based on these factors, any of Plaintiff's limitations as a result of his depression and anxiety were mild. (R. at 71). The ALJ additionally considered the medical sources submitted by Plaintiff, which indicated that Plaintiff had received treatment and his symptoms were relatively stable with medication. (R. at 71). In fact, his medical sources "consistently noted that [Plaintiff] was doing reasonably well." (R. at 71).

As the Magistrate Judge concluded, the ALJ offered a sufficient explanation for reaching his decision. (ECF No. 20 at 7). Indeed, the ALJ followed the appropriate method of analysis for mental impairments and explained the evidence and reasons upon which his decision was based. (R. at 71-72). Plaintiff does not assert any particular evidence that the ALJ failed to consider nor does Plaintiff allege that the ALJ's determination lacked support in the record.

Therefore, the Magistrate Judge did not err in finding that the ALJ offered a sufficient explanation for his decision under step two in determining that Plaintiff's depression and anxiety did not constitute severe impairments.

### B. Credibility Determination

Plaintiff also objects to the Magistrate Judge's finding that substantial evidence supported the ALJ's credibility determination. (ECF No. 21 at 2). Under SSR 96-7p, an ALJ is required to consider the overall credibility of a plaintiff's statements to determine whether a claimant's symptoms affect his ability to perform work-related activities. SSR 96-7p, 1996 WL 374186 (July 2, 1996). However, SSR 16-3p supersedes SSR 96-7p, and requires an ALJ to "evaluate statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims." SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). Under SSR 16-3p, ALJs are directed to focus on the "consistency of the individual's own statements," rather than overall credibility or character for truthfulness. *Id.* at 8-11. This ensures that an ALJ will consider whether a

claimant's symptoms have "worsen[ed] or improve[d] with time" and any "attempts to seek

medical treatment." *Id.* at 9. Still, SSR 16-3p was intended to clarify SSR 96-7p and not

"substantially *change*" the rules and procedure for an ALJ's credibility assessment. *Brothers v.*

*Berryhill*, No. 5:16-cv-01942, 2017 WL 2912535, at *9 (N.D. Ohio June 22, 2017) (emphasis in

original).

Therefore, under SSR 96-7p, and SSR 16-3p, an ALJ must conduct a two-part analysis to

evaluate a claimant's symptoms. *Id.* at 11. This two-part analysis proceeds as follows:

> First, the ALJ will ask whether there is an underlying medically determinable
> physical impairment that could reasonably be expected to produce the claimant's
> symptoms. 20 C.F.R. § 416.929(a). Second, if the ALJ finds that such an
> impairment exists, then he must evaluate the intensity, persistence, and limiting
> effects of the symptoms on the individual's ability to do basic work activities. *Id.*

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

While a claimant's credibility determination is within the discretion of an ALJ, the ALJ's

determination "must be reasonable and supported by evidence in the case record." *Brothers*,

2017 WL 2912535, at *11 (citing *Rogers*, 486 F.3d at 249). The ALJ must make more than "a

single, conclusory statement that 'the individual's allegations have been considered' or that 'the

allegations are (or are not) credible.'" *Id.* (citing SSR 96-7p, 1996 WL 374186 at *2). Indeed, the

ALJ's "decision must contain *specific* reasons for the finding on credibility, supported by the

evidence in the case record, and must be sufficiently specific to make clear to the individual and

to any subsequent reviewers the weight the adjudicator gave to the individual's statements and

the reasons for that weight." *Id.* (emphasis in original) (citing SSR 96-7p, 1996 WL 374186 at

*2). The ALJ's determination, moreover, is given deference and the "substantial-evidence

standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a

conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). This standard essentially gives an ALJ a "zone of choice," as long as the choice is reasonable. *Id.*

Here, the ALJ determined that the degree of limitation asserted by Plaintiff as a result of his degenerative disc disease and radiculopathy was not consistent with the evidence. (R. at 74-75). First, the ALJ determined that Plaintiff did indeed have "medically determinable impairments that could reasonably cause some symptoms and limitations." (R. at 78-79). However, Plaintiff failed under the second prong. (R. at 78-79). The ALJ determined that the intensity, persistence, and limiting effects of Plaintiff's symptoms were inconsistent with Plaintiff's asserted limitations. (R. at 78-79). The ALJ reached this conclusion after reviewing the Plaintiff's objective medical record, Plaintiff's description of his daily activities, the nature and effectiveness of medical treatment, and the opinion of a medical doctor. (R. at 74-78). The ALJ also used more than five pages to express his conclusion detailing the specific reasons for his finding and citing the evidence that supported his decision with sufficient specificity. (R. at 74-79). Contrary to Plaintiff's assertion, the ALJ's analysis and reasoning provided was thorough. The ALJ's decision also met the substantial-evidence standard; a reasonable mind could similarly have found the relevant evidence to support the same conclusion. According to the ALJ, although Plaintiff had chronic pain, difficulty with fine manipulation, and a need to alternate between walking and standing every 10-15 minutes, Plaintiff was not as limited as he alleged and "the record also reveal[ed] that the treatment [had] been generally successful in controlling those symptoms." (R. at 74-75).

As such, the Magistrate Judge did not err in finding that substantial evidence supported the ALJ's credibility determination that Plaintiff was not limited to the extent he alleged as a result of his degenerative disc disease and radiculopathy. (ECF No. 20 at 13).

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.  This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

_____s/ Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  June 3, 2019**